IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-mj-03039 |
| ) | |
| AHMAUD SCHAEFFER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is the Government's Motion for Revocation of Release Order (Doc. 9).

I.   **BACKGROUND**

On March 15, 2024, a criminal complaint was issued charging Mr. Schaeffer with making false statements in connection with the acquisition of a firearm from a licensed dealer in violation of 18 U.S.C. § 922(a). (Doc. 1). Following Mr. Schaeffer's arrest and initial appearance, United States Magistrate Judge Karen L. McNaught held a detention hearing on March 19, 2024, where she determined Mr. Schaeffer was not a danger to the community or risk of flight. Judge McNaught ordered Defendant's release with certain conditions but stayed the release order until 12:00 p.m. that next day, March 20, 2024.

On March 19, 2024, the Government filed its Motion for Revocation of Release Order requesting the District Court to conduct a supplemental detention hearing. Upon

review of the Government's Motion, this Court entered an order extending the stay of the release order pending determination of the Government's Motion. (3/20/2024 Text Order). The Government contends Judge McNaught erred in finding Defendant was not a danger to the community or a flight risk. The hearing on the Government's Motion was conducted on March 20, 2024, at which time both parties were offered the opportunity to present additional evidence and argument.

## II.     LEGAL STANDARD

A district court may review a magistrate judge's release or detention order pursuant to 18 U.S.C. § 3145(a). The district court's review is *de novo* since it must make an independent determination of the proper pretrial detention or conditions for release. *See United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985); *see also United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (noting although § 3145 "speaks of 'review' by the district judge, the court may start from scratch").

Under the Bail Reform Act of 1984, a defendant may be detained in custody pending trial "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "[A] finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial." *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). The judicial officer's conclusion that no conditions of release can reasonably assure the safety of other persons and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). The

Government must show by a preponderance of the evidence that no conditions will ensure Defendant's appearance in court. *Portes*, 786 F.2d at 765.

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, a district court is to consider the factors set forth in § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of Section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). If the judicial officer determines that no release conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Bail Reform Act requires: "[T]he judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

### III.  ANALYSIS

The Court has carefully reviewed and considered the Government's Motion, the Pretrial Services Report, the criminal complaint, the evidence and arguments presented at the initial detention hearing held on March 19, 2024, the Order Setting Conditions of Release entered by Judge McNaught, and the evidence and arguments presented by counsel at the supplemental detention hearing. [1]

According to the Pretrial Services Report ("PSR"), there is not a rebuttable presumption under 18 U.S.C. Section 3142(e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The PSR also states there are no known factors indicating Mr. Schaeffer is a risk of nonappearance. The Government argues that, because Mr. Schaeffer lived in Minnesota more than three years ago, in conjunction with the dangerousness of the alleged uncharged crimes, he is a risk of flight or nonappearance.

After considering the relevant § 3142(g) factors, the Court finds the Government has not demonstrated Mr. Schaeffer is a risk of flight or nonappearance. He has ties to the community, a full-time job in the Central District of Illinois, a stable living arrangement with his girlfriend, and there is no evidence that he has previously failed to appear in court. Mr. Schaeffer is registered to begin college classes at Lincoln Land beginning on March 21, 2024. He was compliant and forthcoming with law enforcement during his interviews. He has minimal criminal history and the nature and circumstances of the

---

[1] The factual statements made in this Order are based on the allegations contained in the Complaint and the proffers made by the parties. The Defendant maintains his presumption of innocence.

offense do not suggest there is a risk of flight or nonappearance. Accordingly, the factors weigh in favor of a finding that there is a low-risk of nonappearance and one that can be mitigated with certain release conditions imposed by the Court.

As for the danger prong, the Court has considered the nature and circumstances of the offense charged. The offense charged is serious in that it carries a maximum sentence of ten years and does have a connection to firearms. The rules and regulations concerning the sale of firearms help ensure that such firearms do not end up involved in criminal activity or fall into the hands of those who are prohibited from possessing firearms, which is precisely what the Government argues happened here. However, the majority of the evidence presented by the Government concerning Defendant's dangerousness relates to the uncharged conduct, not the nature and circumstances of the offense charged. The ATF agent testified that law enforcement did not recover any illegal firearms or accessories during the execution of the search warrant at Mr. Schaeffer's apartment. The nature and circumstance of the offense charged weighs in favor of release with the condition that Mr. Schaeffer surrender his FOID card.

The weight of the evidence against Mr. Schaeffer as to the charged conduct is compelling. According to the affidavit attached to the Criminal Complaint, Mr. Schaeffer admitted to Special Agent Brown that he lied on Form 4473 when asked if "he was an unlawful user, or addicted to, marijuana …" each time he purchased 13 firearms between August 25, 2022 and February 12, 2024.

Mr. Schaeffer's history and characteristics weighs in favor of release. He is registered to begin college classes at Lincoln Land Community College and is presently

employed full-time as a janitor at Springfield Clinic. He has indicated that his job is still available to him should he be released. He has lived in the Springfield area for the past three years and has a girlfriend who lives here with him. There is no evidence to suggest Mr. Schaeffer has a current or past mental health condition. Aside from marijuana, Mr. Schaeffer does not have a history of using illegal substances or abusing alcohol. He has a minimal criminal history, which includes an unlawful use and possession of a firearm adjudication from when he was a juvenile. Additionally, Mr. Schaeffer was not on probation, parole, or any other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law at the time of his arrest.

Both parties agree that the Court can consider uncharged conduct in making a detention determination. The Government presented a number of uncharged crimes Mr. Schaeffer allegedly committed including brokering straw purchases of firearms in the state of Illinois, trading firearms for marijuana, and purchasing marijuana from illegal sources. Agent Brown was aware of the alleged conduct at the time the complaint was filed in this case. This Court[2] has considered the uncharged conduct in reaching its detention decision and has reviewed the cases cited by the Government[3]. Both cases are factually distinguishable from this case in that the uncharged conduct in *Rodriguez* involved the defendant shooting an individual and the charged conduct in *Barone* included serious crimes of violence such as conspiracy to commit murder-for-hire, one

---

[2] The Government argues Judge McNaught did not specifically state she considered the uncharged conduct when reaching her decision.
[3] *United States v. Rodriguez*, 950 F.2d 85, 87 (2d Cir. 1991); *United States v. Barone*, 387 F. App'x 88, 89 (2d Cir. 2010)

count of murder-for-hire, and one count of possession of firearms by a convicted felon. 950 F.2d at 88; 387 F. App'x at 89.

In *Barone*, the district court considered that at the time of the defendant's arrest, he was in possession of two firearms, ammunition, a bulletproof vest, a "how to" guide for conducting assassinations, and $50,000 in cash, all of which would have allowed the charged murder to be committed. 950 F.2d at 90. The defendant also revealed to law enforcement his involvement in a number of past uncharged crimes, notably, his financing of a narcotics transaction, his authorization of arson, and his use of violence in furtherance of extortion. *Id*. The district court found the defendant's dangerousness was clearly and convincingly evidenced by facts demonstrating both his readiness to commit the charged murder-for-hire and his past commission of crimes involving or threatening violence. *Id*.

In this case, unlike the defendant in *Rodriguez*, the Government has not proffered evidence that Mr. Schaeffer has committed such a violent, uncharged crime. Rather, the Government has proffered evidence of text message conversations from several years ago whereby Mr. Schaeffer attempted to trade a firearm for marijuana, brokered straw purchases of firearms in the state of Illinois, and purchased marijuana from illegal sources. Unlike the defendant in *Barone*, law enforcement found no firearms or accessories when they searched Mr. Schaeffer's apartment. Notably, the ATF officer testified law enforcement found no evidence Mr. Schaeffer sold any of 13 firearms purchased between 2022 and 2024 to prohibited persons.

While the alleged actions by Mr. Schaeffer are certainly concerning and, ultimately, may result in new charges against Mr. Schaeffer, these actions are afforded less weight than charged crimes or convictions. *See United States v. Gaston*, 2021 U.S. Dist. LEXIS 58846 at *20 (N.D. Ind. Mar. 26, 2021). The Court, left only with the Government's proffer of these uncharged crimes, has limited ability to evaluate the reliability of the uncharged conduct.

As it pertains to the Order Setting Conditions of Release (Doc. 10), Defense counsel offered at the detention hearing for Mr. Schaeffer to surrender his FOID card as a condition of his release. However, this condition was not included in the Order Setting Conditions of Release filed by Judge McNaught. The Court finds Defendant's relinquishment of his FOID card is necessary and will be reflected in the Court's Amended Order Setting Conditions of Release. Additionally, if the Government does not carry its burden to justify detention, the district court must order a defendant's release pending trial subject to the least restrictive conditions that will reasonably assure his presence and safety to the community. *United States v. Wilks*, 15 F.4th 842, 847 (7th Cir. 2021). Based on the Court's finding that Mr. Schaeffer is not a flight risk and that location monitoring does not address Mr. Schaeffer's alleged dangerousness to the community, imposing SmartLink location monitoring is not appropriate in this case.

## IV. CONCLUSION

Based on the foregoing, the Court finds the Government has not demonstrated by clear and convincing evidence that no set of release conditions or combination of conditions can reasonably guarantee the community's safety. Furthermore, the Court

finds the Government has not shown by a preponderance of the evidence that Mr. Schaeffer is a risk of flight. Therefore, the Government's Motion for Revocation of Release (Doc. 9) is **DENIED**. The Court will enter an Amended Appearance Bond and Order Setting Conditions of Release consistent with this Order.

ENTER: March 21, 2024

                                              /s/ Colleen R. Lawless
                                                COLLEEN R. LAWLESS
                                        UNITED STATES DISTRICT JUDGE